UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL MYOTT,

    Petitioner,

Case No. 2:09-cv-10172

v.

HONORABLE STEPHEN J. MURPHY, III

MARY BERGHUIS,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE
<u>PETITION FOR WRIT OF HABEAS CORPUS</u>**

**INTRODUCTION**

    Russell Myott, ("petitioner"), confined at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se,* Mr. Myott challenges his sentence for one count of first-degree of criminal sexual conduct, M.C.L.A. § 750.520b, and one count of kidnapping, M.C.L.A. § 750.349.  For the reasons stated below, the application for writ of habeas corpus will be denied.  The Court also declines to issue a certificate of appealability and denies leave to proceed on appeal *in forma pauperis*.

**I. Background**

    Mr. Myott originally pleaded no contest to the above charges on June 19, 2006 in the Crawford County Circuit Court, in exchange for the prosecutor's agreement to dismiss eleven other charges and to agree that Mr. Myott's minimum sentence would be no greater than 135 months.  On July 31, 2006, Mr. Myott was permitted to withdraw his no contest

1

plea, after the trial court judge rejected the sentencing agreement on the ground that the minimum sentence of 135 months fell below the sentencing guidelines range of 171 to 285 months for the offenses. The case was scheduled for trial.

On November 28, 2006, the second day of trial, Mr. Myott again pleaded no contest to one count of first-degree criminal sexual conduct and one count of kidnapping, in exchange for dismissal of the remaining criminal charges. The parties further agreed that Mr. Myott's minimum sentence would be no greater than fifteen years. After being advised of the plea agreement and the constitutional rights that he would be waiving were he to plead no contest, Mr. Myott pleaded no contest to the two charges. Mr. Myott was sentenced the same day to concurrent terms of fifteen to sixty years in prison.

Mr. Myott's conviction and sentence were affirmed on appeal. *People v. Myott,* No. 279357 (Mich. Ct. App. August 22, 2007); *lv. den.* 480 Mich. 1012 (2008).

Mr. Myott seeks habeas relief on the following grounds:

I. The trial court unlawfully violated the United States and Michigan Constitutions in sentencing the defendant to a prison term of 15-to-60 years on the CSC-I conviction and to a concurrent prison term of 15-to-60 years on the kidnapping conviction.

II. Un-factual allegations affecting Mr. Myott's constitutional right to due process and counsel's failure to adequately investigate and defend Mr. Myott from unverified information rendered defendant's sentencing hearing and pre-sentence report unconstitutional.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an

> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than has the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

#### A.  Claims I and II - Sentencing and Ineffective Assistance of Counsel

The Court will consolidate Mr. Myott's two sentencing claims, as well as his related ineffective assistance of counsel claim, together for judicial clarity.

In his first claim, Mr. Myott contends that his sentences were disproportionate to the offense and to the offender. Mr. Myott's sentences of fifteen to sixty years were within the statutory limits for the charges of first-degree criminal sexual conduct and kidnapping. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Additionally, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). The Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual punishment, does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare". *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See Seeger v. Straub,* 29 F. Supp. 385, 392 (E.D. Mich. 1998). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the cruel and unusual punishment clause of the Eighth Amendment. *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000). Mr. Myott's claim that his sentence is disproportionate under Michigan law therefore does not state a claim upon which habeas relief can be granted. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994).

On the sentencing front, Mr. Myott further claims that the trial judge failed to consider his rehabilitative potential in fashioning his sentence. Mr. Myott's claim that his sentence was excessive because the trial court did not consider the possibility of

rehabilitation does not present a federal constitutional issue where the sentence was within the range prescribed by state law. *See Reynolds v. Artuz,* No. 2003 WL 168657, * 4 (S.D.N.Y. January 23, 2003).

Mr. Myott's related claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf in order to depart downward from his sentencing guidelines range fails to state a claim upon which habeas relief can be granted, because the U.S. Supreme Court has limited to capital cases its holding concerning mitigating evidence. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001) (*citing Harmelin,* 501 U.S. at 996); *see also Engle v. United States,* 26 Fed. Appx. 394, 397 (6th Cir. 2001) (Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases). Because Mr. Myott had no constitutional right to an individualized sentence, no constitutional error occurred because of the trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Mr. Myott's claim that the trial court failed to depart below the sentencing guidelines range is likewise non-cognizable on federal habeas review. *See Stewart v. Lavigne,* 2006 WL 752603, * 6-7 (E.D. Mich. March 22, 2006).

Moreover, to the extent Mr. Myott relies on several provisions of the Federal Sentencing Guidelines in support of his sentencing claim, he would not be entitled to habeas relief. The Federal Sentencing Guidelines apply only to sentences for federal criminal violations. *See United States v. Simmonds,* 235 F.3d 826, 834 (3d Cir. 2000) (holding that the Federal Sentencing Guidelines do not apply to sentences for violations of Virgin Islands territorial law); *see also Cummings v. Baker,* 130 Fed. Appx. 446, 447-49 (11th Cir. 2005) (upholding district court's dismissal of state prisoner's request to be

paroled on the ground that the Federal Sentencing Guidelines only applied to defendants convicted and sentenced in the federal court).

Mr. Myott also challenges the scoring of several of the offense variables under the Michigan Sentencing Guidelines. Mr. Myott's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *see also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Mr. Myott has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Id.*; *see also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Mr. Myott's claim that the offense variables of sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; See also Cook,* 56 F. Supp. 2d at 797.

Mr. Myott also contends that the trial judge violated his Sixth Amendment right to a trial by jury by using factors in sentencing which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner.

In support of his claim, Mr. Myott relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)).

The problem with Mr. Myott's reliance on *Blakely*, however, is that *Blakely* involved

a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 475 Mich. 140, 160-61 (2006) (citing M.C.L.A. 769.8); *People v. Claypool,* 470 Mich. 715, 730, n.14 (2004) (same). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n.7 (2003) (citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but it can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n.14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164.

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Mr. Myott's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007).

In his second claim, Mr. Myott claims that the pre-sentencing information report made a reference to petitioner having committed a similar uncharged sexual assault against an Angela Mclean in 1992. Mr. Myott claims that the trial court relied on this

information in fashioning his sentence. Mr. Myott further contends that his trial counsel was ineffective for failing to object to the inclusion of this information in the pre-sentence report.

There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001) (internal citation omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.* Moreover, to the extent that Mr. Myott claims that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of M.C.R. 6.429, this would be noncognizable in federal habeas review, because it involves an issue of state law. *See, e.g., Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 Fed. Appx. 207 (6th Cir. 2005).

More importantly, even where there is an alleged factual inaccuracy in a pre-sentence report, a court need not resolve the dispute when the information is not relied on in arriving at the sentence that was imposed. *See Warren v. Miller,* 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000). Although a criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude," *See Roberts v. United States*, 445 U.S. 552, 556 (1980), in order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 731 (E.D. Mich. 2002).

In the present case, there is no evidence that the trial court relied on the information contained within the pre-sentence report concerning Angela Mclean in sentencing Mr.

Myott. A habeas petitioner is not entitled to relief on his claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the sentencing judge relied on this information in sentencing the petitioner. *See Draughn v. Jabe,* 803 F. Supp. 70, 80 (E.D. Mich. 1992).

Finally, Mr. Myott claims that counsel was ineffective for failing to object to the information about Angela McLean in the pre-sentence investigation report.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. *Id.* Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988).

In this case, there is no indication that the trial court relied on the information in the pre-sentence investigation report about Ms. Mclean when imposing sentence. Mr. Myott is therefore unable to show that he was prejudiced by counsel's failure to object to the inclusion of this information in the pre-sentence report. *See Spearman v. Birkett,* 10 Fed. Appx. 287, 289 (6th Cir. 2001)*; Draughn,* 803 F. Supp. at 79. Mr. Myott is not entitled to habeas relief on his second claim.

B. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this

Court, the Court must determine if petitioner is entitled to a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Mr. Myott has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny

10

a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## CONCLUSION AND ORDER

For the reasons stated, the Court concludes that Mr. Myott is not entitled to habeas corpus relief on the claims as outlined in the petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Myott a certificate of appealability and an application for leave to appeal *in forma pauperis*.

**SO ORDERED**.

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: October 7, 2009


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager